UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> GERARDO CRUZ-CASTRO, <br> Defendant. | 3:08-cr-0017-LRH-RAM <br><br> ORDER |

Before the court is defendant Gerardo Cruz-Castro's ("Cruz-Castro") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #132.[1] Also before the court are Cruz-Castro's motions for appointment of counsel. Doc. ##131, 133.

**I.    Facts and Procedural History**

On March 26, 2008, Cruz-Castro was indicted on two charges: (1) possession with intent to distribute 126 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i); and (2) possession with intent to distribute 236 grams of cocaine base in violation of 21 U.S.C. §§ 841(b)(1) and (b)(1)(B)(ii). Doc. #20. Cruz-Castro proceeded to trial and was convicted on both counts. Doc. #84. He was subsequently sentenced to one hundred twenty (120) months incarceration, the statutory minimum for the cocaine base offense. Doc. #104. Cruz-Castro

---

[1] Refers to the court's docket number.

1  appealed his sentence and the Ninth Circuit affirmed both his conviction and sentence. Doc. #123.
2  Cruz-Castro then petitioned the United States Supreme Court for a writ of certiorari, but was
3  denied. Doc. #130. Thereafter, Cruz-Castro filed the present motion to vacate, set aside, or correct
4  his sentence pursuant to 28 U.S.C. § 2255. Doc. #132.

5  **II.    Motion to Vacate Sentence**

6  Pursuant to 28 U.S.C. §2255, a prisoner may move the court to vacate, set aside, or correct a
7  sentence if "the sentence was imposed in violation of the Constitution or laws of the United States,
8  or that the court was without jurisdiction to impose such sentence, or that the sentence was in
9  excess of the maximum authorized by law, or is otherwise subject to collateral attack."
10 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and
11 Procedure § 41.3b (5th ed. 2005).

12 In his motion to vacate, Cruz-Castro argues that the court should grant his motion to vacate
13 because (1) the underlying traffic stop was unconstitutional and (2) he was entitled to both a minor
14 role adjustment and a safety-valve adjustment to his sentence. *See* Doc. #132. These same
15 arguments were raised by Cruz-Castro on direct appeal and rejected by the Ninth Circuit. *See* Doc.
16 #123 (rejecting Cruz-Castro's challenge to the constitutionality of the traffic stop, and affirming the
17 court's denial of acceptance of responsibility, minor role, and safety value adjustments to his
18 sentence).

19 "Section 2255 may not be invoked to relitigate questions which were or should have been
20 raised on direct appeal from the judgment of conviction. *Hammond v. United States*, 408 F.2d 481,
21 483 (9th Cir. 1969) (internal citations omitted). Because Cruz-Castro raised these issues on direct
22 appeal, he is barred from raising them on collateral review. *United States v. Davis*, 417 U.S. 333,
23 342 (1974). Therefore, the court finds that Cruz-Castro is barred from re-litigating the issues he
24 raised on direct and appeal and shall deny his motion to vacate accordingly.
25 ///
26

### III. Motions for Appointment of Counsel

An indigent petitioner seeking relief under 28 U.S.C. § 2255 may move the court for appointment of representation to pursue that relief. 18 U.S.C. § 3006(A)(2)(B). The court has discretion to appoint counsel when the interest of justice so require. 18 U.S.C. § 3006(A)(2). The interest of justice so require where the complexities of the case are such that denial of counsel would amount to a denial of due process. *See Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Here, the court has reviewed the documents and pleadings on file in this matter and finds that the appointment of counsel is not warranted. The issues raised in Cruz-Castro's underlying § 2255 motion are not complex, rather they are the same issues raised on appeal and are therefore barred from collateral review. Further, Cruz-Castro has made no showing as to why his § 2255 motion, or the underlying case, are so complex that denial of counsel would amount to a denial of due process. Therefore, the court finds that Cruz-Castro is not entitled to counsel and shall deny his motions accordingly.

IT IS THEREFORE ORDERED that defendant's motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. #132) is DENIED.

IT IS FURTHER ORDERED that defendant's motions for appointment of counsel (Doc. ##131, 133) are DENIED.

IT IS SO ORDERED.

DATED this 4th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE